# EXHIBIT "A"

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
10/6/2020 9:50:49 AM
Filing ID 12074902

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone:  (602) 524-6602
ps@strojnik.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Peter Strojnik, | Case No: CV2020-055337 |
| | **COMPLAINT** |
| Plaintiff, | |
| | **1. Americans with Disabilities Act** |
| vs. | **2. Negligence** |
| | **3. Negligent Misrepresentation** |
| Ashford Scottsdale LP dba Courtyard by Marriott Scottsdale Old Town; | **4. Failure to Disclose** |
| | **5. Common Law Fraud / Consumer Fraud** |
| Defendants. | **6. Consumer Fraud – Brand Deceit** |
| | |
| | **JURY TRIAL REQUESTED** |

## NATURE OF THE CASE

1. Segregation of the disabled is the last vestige of collectively acceptable discrimination. Discrimination is highly prevalent in the lodging industry.

2. Despite the collectively acceptable discrimination, however,  Plaintiff is entitled to full and equal enjoyment of lodging services and facilities, 42 U.S.C. §12182(a). His right to equal and full participation in the benefits and services in lodging facilities is inviolate.

3. The lodging industry is subject to specific accessibility disclosure requirements under 28 C.F.R. 36.302(e)(1)(ii), and specific architectural accessibility requirements pursuant to the ADA Accessibility Guidelines ("ADAAG").

4. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the use of purchased brand names such as "Holiday Inn" and

"DoubleTree by Hilton"  while at the same time concealing the true identity of the hotel owners and operators. The intent and purpose of this deceptive identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator.

5. The misidentification of the brand name "operator" or "owner" instead of the actual operator or owner benefits the actual operator or owner in its marketing efforts, but does not fall within to the legal definition of the "operator" under the ADA.

6. Some hotels, motels and other places of lodging have developed a system of booking website accessibility disclosures that disclose certain accessible features but also describe other features that are not accessible. The effect of admissions of non-accessibility is to deter the disabled from lodging there.

7. Where a place of lodging limits a disabled person's access to particular features, such limitation represents a prohibited eligibility criteria pursuant to 28 C.F.R. 36.301 because, "while not creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate".

8. Therefore, Plaintiff brings this action against Defendant Ashford Scottsdale LP dba Courtyard by Marriott Scottsdale Old Town ("Ashford") alleging:

   a.  Violations of 28 C.F.R. 36.302(e)(1)(ii) and the ADAAG and corresponding negligence; and

   b.  Violations of common law and statutory consumer protection laws; and

   c.  Brand deceit for deceptive self-identification; and

## PARTIES

9. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

10. Defendant Ashford owns, operates leases or leases to a lodging business located at 3311 N. Scottsdale Rd., Scottsdale, AZ 85251 ("Hotel").

11. Marriott International, Inc. ("Marriott")  not a party, is an international lodging and franchising chain and the direct or indirect owner of the brand "Courtyard by Marriott" ("Courtyard")

**JURISDICTION AND VENUE**

12. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

13. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

14. The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[1].

15. These barriers impair Plaintiff's full and equal access to the Hotel.

16. Plaintiff is deterred from visiting the Hotel  based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

17. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant Hotel suffers an imminent injury from the Hotel's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105**

---

[1] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

3

18. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

19. Plaintiff's physical infirmities alleged above do both of the following:

   a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

   b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

20. Plaintiff has a history of impairments stated in the preceding paragraph.

21. Plaintiff is regarded as having a physical conditions that limit major life activities.

22. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working. 

23. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.

24. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

4

### RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES

| DESCRIPTION | DISABILITY | | | RELATION TO MAJOR LIFE ACTIVITY |
|---|---|---|---|---|
| | DISABILITY PRONG | | | |
| | Impairment | History Of Impairment | Reg'ed As Impaired | |
| Prostate Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. |
| Renal Cancer | x | x | x | |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff, performing manual tasks, reaching, lifting, writing, twisting writs shoulder and elbows, pushing, opening doors, physical functioning on every level and other major life activities |
| Partially Missing Limb - Missing Right Knee | x | x | x | |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | |
| Pleurisy | x | x | x | |
| Hyper Blood Pressure | x | x | x | |

**Table 1**

25. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

26. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

27. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

## PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL

28. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

   a.  Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

   b.  Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

   c.  Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

   d.  Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging  where he desires to book a room to both:

      1.  Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

      2.  Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

   e.  The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

   f.  The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g.  As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[2]:

(i)  Operable parts [205[3], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii)  Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii)  Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv)  Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v)  Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(vi)  Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities,

---

[2] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[3] Bracketed numbers refer to Standards for Accessibility Design.

stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)   Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)  Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)   Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

29. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies] and describe[s] accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet [Plaintiff's] accessibility needs".

30. The reproduction of relevant booking websites in Table 2 below demonstrates a failure to identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff to assess independently whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

| BOOKING WEBSITES –ACCESSIBILITY INFORMATION |
| --- |
| **https://www.marriott.com/hotels/fact-sheet/travel/phxsc-courtyard-scottsdale-old-town/#accessibility** |

**Accessibility**                                                                            Close ∧

For more information about the physical features of our accessible rooms, common areas, or special services relating to a specific disability, please call +1 480-429-7785.

| Accessible Areas with Accessible Routes from Public Entrance | Accessible Hotel Features | Guest Room Accessibility |
| --- | --- | --- |
| Business Center | Accessible Self-parking | Accessible guest rooms with 32" wide doorways |
| Fitness Center | Service animals are welcome | Accessible route from public entrance to accessible guest rooms |
| Meeting spaces and ballrooms | Elevators | Bathroom grab bars |
| Pool accessible | | Bathtub grab bars |
| Pool pathway | | Bathtub seat |
| Public entrance alternative | | Deadbolt locks, lowered |
| Registration Desk Pathway | | Door night guards, lowered |
| Registration desk | | Doors with lever handles |
| Restaurant(s)/Lounge(s) | | Electrical outlets, lowered |
| | | Flashing door knockers |
| | | Hearing accessible rooms and/or kits |
| | | No transfer shower s available |
| | | Roll-in shower |
| | | Shower wand, adjustable |
| | | TTY/TTD available |
| | | TV with close-captioning |
| | | Toilet seat at wheelchair height |
| | | Vanities, accessible |
| | | Viewports, lowered |

**Table 2.**

9

1

2  31. The information disclosed on Hotel's Booking Website include the following
3      misrepresentations of fact, inter alia:
4      a.  That the Hotel has accessible self-parking. This representation is false as
5          evidenced in Table 3 below.
6      b.  That the pool at the Hotel is accessible. This representation is false as evidenced
7          in Table 3 below.
8      c.  That the pool pathway is accessible. This representation is false as evidenced in
          Table 3 below.
9
       d.  That the accessible room has accessible deadbolt. This representation is false as
10         evidenced in Table 3 below.
11
   32. In reliance on the truth of the representations and further in reliance on Ashford's self-
12     identification as a "Courtyard", a Marriott brand,  Plaintiff booked and paid for an
13     accessible room at the Hotel.
14 33. At the Hotel, Plaintiff personally encountered the following photographically
15     documented conditions at the Hotel. Below each photograph is a vernacular
16     description of the barrier and  how the barrier affected Plaintiff's impairments
17     described above so as to deny him the 'full and equal' access that would satisfy the
18     injury-in-fact requirement (i.e., that he personally suffered discrimination under the
19     ADA on account of his disability).

20              **PERSONAL ENCOUNTERS WITH BARRIERS**

21

22

23

24

25

26

27

28

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification**



**No access from street.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**No handrails on left of ramp.**



**Improperly positioned handrails on right.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



**Closest parking to lobby not accessible.**

23
24
25
26
27
28





**Accesible parking slope too steep.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**No marked passenger loading zone.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Out of reach snacks.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Out of reach sundry items.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Inaccessible check in counter.**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Inaccessible business desk.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Inaccessible card reader for pool access.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Pool gate harware requires twisting of wrist action.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Inaccessible boarding pass counter.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Improperly configured hardware to room requiring twisting of the weits action.**



**19 lbs to open door to room**

26



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



**Deadbolt requires twisting of wrist.**

16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



**Shower water scalding 136.8°F (over 120°F not permitted)**

21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**No shut off control on spray unit.**



| |
|---|
| **Toilet flush on wrong side.** |
| **Identification of Specific Barrier in Plain Language:** As indicate below each photo. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about September 21, 2020. |
| **Table 3.** |

**COUNT ONE**

Americans with Disabilities Act

34. Plaintiff realleges all allegations heretofore made.

35. Defendant violated the ADA as documented above.

36. Plaintiff is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)

37. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

38. The removal of barriers is readily achievable.

39. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE,** Plaintiff prays for all relief as follows:

   A.  Relief described in 42 U.S.C. §2000a – 3; and

   B.  Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

   C.  Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

   D.  Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

   E.  Equitable nominal damages; and

   F.  For costs, expenses and attorney's fees; and

   G.  All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

   H.  That the Court retain jurisdiction over this matter until the Hotel has become fully and completely accessible to persons with disabilities; and

   I.  All other relief susceptible of proof based on the allegations.

### COUNT TWO
Negligence and Negligence Per Se

40. Plaintiff realleges all allegations heretofore set forth.

41. Defendant has been subject to at least two previous ADA actions in the United States District Court for the District of Arizona and in the Maricopa County Superior Court, to wit, (1) Advocates for Individusla with Disabilities Foundation, Inc. v. Ashford

32

1    Scottsdale, Maricopa County Superior Court no CV2016-008886 and (2) *Gastelum v.*
2    *Ashford Scottsdale,* D.C. Ariz. 2:18-cv-01958-MHB.

42. Despite previous lawsuits, Defendant has not remediated readily achievable architectural remediations to date.

43. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

44. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

45. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

46. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

47. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

48. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

49. Defendant breached this duty.

50. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

51. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

52. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

53. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $35,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

    C. For punitive damages in the amount of no less than $35,000.00; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT THREE**

Negligent Misrepresentation

54. Plaintiff realleges all allegations heretofore set forth.

55. Defendant failed to exercise reasonable care or competence in obtaining or communicating the information regarding ADA compliance to Plaintiff through its booking website as alleged above.

56. Defendant hotel supplied false information to Plaintiff for guidance in Plaintiff's business transaction, to wit: the renting of a hotel room.

57. Defendant's false statement was made in the course of Defendant's business in which Defendant has a pecuniary interest, to wit: renting of rooms.

58. Plaintiff justifiably relied on Defendant's false representation.

59. Plaintiff has suffered pecuniary losses as a result of his reliance on Defendant's false information regarding ADA compliance, to wit: he spent time, effort and resources in an amount to be proven at trial, but in no event less than $35,000.00.

60. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

61. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, but in no event less than $35,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligent misrepresentation; and

34

B. For damages in an amount requested; and

C. For punitive damages in the amount requested; and

D. For an order requiring that Defendants engage in a corrective informational campaign to all its former, current and potential guests advising them of Hotel's accessibility; and

E. For such other and further relief as the Court may deem just and proper.

## COUNT FOUR
### Failure to Disclose

62. Plaintiff realleges all allegations heretofore set forth.

63. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

64. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

65. The compliance with the ADA is a fact basic to the transaction.

66. Defendant failed to make the necessary disclosures.

67. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

68. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $35,000.00.

69. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

70. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $35,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For finding of that Defendant failed to disclose information; and

B. For damages in the amount requested; and

C. For punitive damages in the amount requested; and

D. For an order requiring that Defendants engage in a corrective informational campaign to all its former, current and potential guests advising them of Hotel's accessibility; and

E. For such other and further relief as the Court may deem just and proper.

**COUNT FIVE**
Common Law and Statutory Fraud

71. Plaintiff realleges all allegations heretofore set forth.

72. Defendant made representation(s) as alleged in Table 2 above.

73. The representation(s) were material.

74. The representation(s) were false.

75. Defendant knew that the representation(s) were false or was ignorant to the truth or falsity thereof.

76. Defendant intended that Plaintiff rely on the false representation(s).

77. Plaintiff reasonably relied on the misrepresentation(s).

78. Plaintiff has a right to rely on the misrepresentation(s).

79. Plaintiff was consequently and proximately damaged by Defendant's misrepresentation(s).

80. Defendant's misrepresentation(s) were made in connection with the sale or advertisement of merchandise with the intent that Plaintiff rely on it.

81. Renting of hotel rooms is "merchandise" as this term is defined in A.R.S. §44-1521(5).

82. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

83. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

84. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $35,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For an order requiring that Defendants engage in a corrective informational campaign to all its former, current and potential guests advising of true facts relating to the Hotel; and

    E. For such other and further relief as the Court may deem just and proper.

**COUNT SIX**
Consumer Fraud – Brand Deceit

85. Plaintiff realleges all allegations made above.

86. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the purchase and use of nationally recognizable brand names such as "Holiday Inn", "Hilton", "Motel 6", "Marriott" in order to hide the true ownership and operational management of the hotel or motel.

87. One way this deceptive self-identification is communicated to the guests and potential guests is through actual identification on the property itself.  For example, Defendant Ashford identifies itself as Courtyard, a Marriott brand,  at the entrance to the Hotel:



37

88. Ashford is not Courtyard by Marriott. It is Ashcroft. The misidentification is necessary because general public, including Plaintiff, identify Marriott properties with a higher degree of lodging standard and general integrity than Ashford

89. Another way Defendant misidentifies itself is thorough its booking website:



90. Yet other ways the Hotel misidentifies itself as through business card of the Hotel business card:

91. The intent and purpose of this deceptive self-identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name

property when they are in fact booking a room with an unknown owner and an unknown operator. Plaintiff justifiably relied on Ashford's false self-identification to his damage.

92. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

93. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

94. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $35,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of that Defendant failed to disclose information; and

    B.  For damages in the amount requested; and

    C.  For punitive damages in the amount requested; and

    D.  For an order requiring that Defendants engage in a corrective informational campaign to all its former, current and potential guests advising of true facts relating to Hotel owners, operators and managers; and

    E.  For such other and further relief as the Court may deem just and proper.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 6th day of October, 2020.

**PETER STROJNIK**

_____

Peter Strojnik
Plaintiff

# EXHIBIT "B"



**Notice of Service of Process**

null / ALL
Transmittal Number: 22269135
Date Processed: 11/06/2020

| | |
|---|---|
| Primary Contact: | Jim Plohg<br>Ashford<br>14185 Dallas Pkwy<br>Ste 1100<br>Dallas, TX 75254-4308 |
| Electronic copy provided to: | Lisa Munsey<br>Lisa Salts<br>Jim Cowen<br>Stephen Cole<br>Sandra Dixon<br>Lugene Friedholm |

| | |
|---|---|
| **Entity:** | Ashford Scottsdale LP<br>Entity ID Number  2565955 |
| **Entity Served:** | Ashford Scottsdale LP dba Courtyard by Marriott Scottsdale Old Town |
| **Title of Action:** | Peter Strojnik vs. Ashford Scottsdale LP dba Courtyard by Marriott Scottsdale Old Town |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Maricopa County Superior Court, AZ |
| **Case/Reference No:** | CV2020-055337 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 11/05/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Peter Strojnik<br>602-524-6602 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT "C"

# EXHIBIT "1"

**SUPPLEMENTAL CIVIL COVER SHEET**
**FOR CASES REMOVED FROM ANOTHER JURISDICTION**

This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Clerk's Office

Additional sheets may be used as necessary.

1.     **Style of the Case:**
       Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and
       Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the
       attorney(s) of record for each party named and include their bar number, firm name, correct mailing
       address, and phone number (including area code).

| Party | Party Type | Attorney(s) |
|-------|-----------|-------------|
|       |           |             |
|       |           |             |
|       |           |             |

2.     **Jury Demand:**
       Was a Jury Demand made in another jurisdiction?     Yes                  No
       If "Yes," by which party and on what date?

       _____          _____

3.     **Answer:**
       Was an Answer made in another jurisdiction?     Yes              No
       If "Yes," by which party and on what date?

       _____          _____

**4.**     **Served Parties:**

The following parties have been served at the time this case was removed:

| Party | Date Served | Method of Service |
|-------|-------------|-------------------|
|       |             |                   |
|       |             |                   |
|       |             |                   |

**5.**     **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason Not Served |
|-------|-------------------|
|       |                   |
|       |                   |
|       |                   |

**6.**     **Nonsuited, Dismissed or Terminated Parties:**

Please indicate changes from the style of the papers from another jurisdiction and the reason for the change:

| Party | Reason for Change |
|-------|-------------------|
|       |                   |
|       |                   |
|       |                   |

**7.**     **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claims |
|-------|--------|
|       |        |
|       |        |
|       |        |

**Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served in another jurisdiction (State Court) shall be filed with this removal.**

# EXHIBIT "2"

🏠 › Docket

# Civil Court Case Information – Case History

**Case Information**

| | | | |
|---|---|---|---|
| Case Number: | CV2020-055337 | Judge: | Campagnolo, Theodore |
| File Date: | 10/6/2020 | Location: | Northeast |
| Case Type: | Civil | | |

**Party Information**

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Peter Strojnik | Plaintiff | Male | Peter Strojnik |
| Ashford Scottsdale L P | Defendant | | Pro Per |

**Case Documents**

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 10/6/2020 | COM - Complaint | 10/6/2020 | Plaintiff(1) |
| **NOTE:** Complaint | | | |
| 10/6/2020 | CSH - Coversheet | 10/6/2020 | Plaintiff(1) |
| **NOTE:** Civil Cover Sheet | | | |
| 10/6/2020 | CCN - Cert Arbitration - Not Subject | 10/6/2020 | Plaintiff(1) |
| **NOTE:** Certificate Of Compulsory Arbitration - Is Not Subject To | | | |
| 10/6/2020 | SUM - Summons | 10/6/2020 | Plaintiff(1) |
| **NOTE:** Summons | | | |

**Case Calendar**
There are no calendar events on file

**Judgments**
There are no judgments on file

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
10/6/2020 9:50:49 AM
Filing ID 12074905

Person/Attorney Filing: Peter Strojnik
Mailing Address: 7847 N Central Avenue
City, State, Zip Code: PHOENIX, AZ 85020
Phone Number: (602)524-6602
E-Mail Address: ps@strojnik.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 000000, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Peter STROJNIK
Plaintiff(s),
v.

Ashford Scottsdale LP dba Courtyard
by Marriott Scottsdale Old Town
Defendant(s).

Case No. **CV2020-055337**

**SUMMONS**

To: Ashford Scottsdale LP dba Courtyard by Marriott Scottsdale Old Town

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 06, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *JACQUELINE NELSON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
10/6/2020 9:50:49 AM
Filing ID 12074904

Person/Attorney Filing: Peter Strojnik
Mailing Address: 7847 N Central Avenue
City, State, Zip Code: PHOENIX, AZ 85020
Phone Number: (602)524-6602
E-Mail Address: ps@strojnik.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 000000, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Peter STROJNIK
Plaintiff(s),

v.

Ashford Scottsdale LP dba Courtyard
by Marriott Scottsdale Old Town
Defendant(s).

Case No.    **CV2020-055337**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Peter Strojnik /s/
Plaintiff/Attorney for Plaintiff

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
10/6/2020 9:50:49 AM
Filing ID 12074902

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Peter Strojnik,<br><br>Plaintiff,<br><br>vs.<br><br>Ashford Scottsdale LP dba Courtyard by Marriott Scottsdale Old Town;<br><br>Defendants. | Case No: CV2020-055337<br>**COMPLAINT**<br><br>1. **Americans with Disabilities Act**<br>2. **Negligence**<br>3. **Negligent Misrepresentation**<br>4. **Failure to Disclose**<br>5. **Common Law Fraud / Consumer Fraud**<br>6. **Consumer Fraud – Brand Deceit**<br><br>**JURY TRIAL REQUESTED** |

## NATURE OF THE CASE

1. Segregation of the disabled is the last vestige of collectively acceptable discrimination. Discrimination is highly prevalent in the lodging industry.

2. Despite the collectively acceptable discrimination, however, Plaintiff is entitled to full and equal enjoyment of lodging services and facilities, 42 U.S.C. §12182(a). His right to equal and full participation in the benefits and services in lodging facilities is inviolate.

3. The lodging industry is subject to specific accessibility disclosure requirements under 28 C.F.R. 36.302(e)(1)(ii), and specific architectural accessibility requirements pursuant to the ADA Accessibility Guidelines ("ADAAG").

4. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the use of purchased brand names such as "Holiday Inn" and

"DoubleTree by Hilton" while at the same time concealing the true identity of the hotel owners and operators. The intent and purpose of this deceptive identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator.

5. The misidentification of the brand name "operator" or "owner" instead of the actual operator or owner benefits the actual operator or owner in its marketing efforts, but does not fall within to the legal definition of the "operator" under the ADA.

6. Some hotels, motels and other places of lodging have developed a system of booking website accessibility disclosures that disclose certain accessible features but also describe other features that are not accessible. The effect of admissions of non-accessibility is to deter the disabled from lodging there.

7. Where a place of lodging limits a disabled person's access to particular features, such limitation represents a prohibited eligibility criteria pursuant to 28 C.F.R. 36.301 because, "while not creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate".

8. Therefore, Plaintiff brings this action against Defendant Ashford Scottsdale LP dba Courtyard by Marriott Scottsdale Old Town ("Ashford") alleging:

   a. Violations of 28 C.F.R. 36.302(e)(1)(ii) and the ADAAG and corresponding negligence; and

   b. Violations of common law and statutory consumer protection laws; and

   c. Brand deceit for deceptive self-identification; and

**PARTIES**

9. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

10. Defendant Ashford owns, operates leases or leases to a lodging business located at 3311 N. Scottsdale Rd., Scottsdale, AZ 85251 ("Hotel").

11. Marriott International, Inc. ("Marriott") not a party, is an international lodging and franchising chain and the direct or indirect owner of the brand "Courtyard by Marriott" ("Courtyard")

**JURISDICTION AND VENUE**

12. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

13. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

14. The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[1].

15. These barriers impair Plaintiff's full and equal access to the Hotel.

16. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

17. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant Hotel suffers an imminent injury from the Hotel's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105**

---

[1] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

3

18. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

19. Plaintiff's physical infirmities alleged above do both of the following:

   a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

   b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

20. Plaintiff has a history of impairments stated in the preceding paragraph.

21. Plaintiff is regarded as having a physical conditions that limit major life activities.

22. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working. 

23. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.

24. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

**RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DESCRIPTION | DISABILITY | | | RELATION TO MAJOR LIFE ACTIVITY |
|---|---|---|---|---|
| | DISABILITY PRONG | | | |
| | Impairment | History Of Impairment | Reg'ed As Impaired | |
| Prostate Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. |
| Renal Cancer | x | x | x | |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff, performing manual tasks, reaching, lifting, writing, twisting writs shoulder and elbows, pushing, opening doors, physical functioning on every level and other major life activities |
| Partially Missing Limb - Missing Right Knee | x | x | x | |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | |
| Pleurisy | x | x | x | |
| Hyper Blood Pressure | x | x | x | |

**Table 1**

25. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

26. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

27. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

**PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL**

28. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

   a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

   b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

   c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

   d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging where he desires to book a room to both:

      1. Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

      2. Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

   e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

   f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g.  As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[2]:

(i) Operable parts [205[3], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii)    Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv)    Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(vi)    Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities,

---

[2] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[3] Bracketed numbers refer to Standards for Accessibility Design.

stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)   Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)  Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)   Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

29. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies] and describe[s] accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet [Plaintiff's] accessibility needs".

8

1    30. The reproduction of relevant booking websites in Table 2 below demonstrates a

2        failure to identify and describe accessible features and guest rooms offered through

3        its reservations service in sufficient detail to permit Plaintiff to assess independently

4        whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

5

6    **BOOKING WEBSITES –ACCESSIBILITY INFORMATION**

7    **https://www.marriott.com/hotels/fact-sheet/travel/phxsc-courtyard-scottsdale-old-town/#accessibility**

8    ### Accessibility                                                      Close ∧

9

10   For more information about the physical features of our accessible rooms, common areas, or special services relating to a specific disability, please call +1 480-429-7785.

11   | Accessible Areas with Accessible Routes from Public Entrance | Accessible Hotel Features | Guest Room Accessibility |
12   | --- | --- | --- |
     | Business Center | Accessible Self-parking | Accessible guest rooms with 32" wide doorways |
13   | Fitness Center | Service animals are welcome | Accessible route from public entrance to accessible guest rooms |
14   | Meeting spaces and ballrooms | Elevators | Bathroom grab bars |
15   | Pool accessible | | Bathtub grab bars |
16   | Pool pathway | | Bathtub seat |
17   | Public entrance alternative | | Deadbolt locks, lowered |
     | Registration Desk Pathway | | Door night guards, lowered |
18   | Registration desk | | Doors with lever handles |
     | Restaurant(s)/Lounge(s) | | Electrical outlets, lowered |
19

20   | | | Flashing door knockers |
     | | | Hearing accessible rooms and/or kits |
21   | | | No transfer shower s available |
22   | | | Roll-in shower |
23   | | | Shower wand, adjustable |
     | | | TTY/TTD available |
24   | | | TV with close-captioning |
25   | | | Toilet seat at wheelchair height |
     | | | Vanities, accessible |
26   | | | Viewports, lowered |

27

28   **Table 2.**

1

2  31. The information disclosed on Hotel's Booking Website include the following

3     misrepresentations of fact, inter alia:

4        a.  That the Hotel has accessible self-parking. This representation is false as

5            evidenced in Table 3 below.

6        b.  That the pool at the Hotel is accessible. This representation is false as evidenced

7            in Table 3 below.

8        c.  That the pool pathway is accessible. This representation is false as evidenced in

        Table 3 below.

9        d.  That the accessible room has accessible deadbolt. This representation is false as
10
            evidenced in Table 3 below.

11  32. In reliance on the truth of the representations and further in reliance on Ashford's self-

12     identification as a "Courtyard", a Marriott brand,  Plaintiff booked and paid for an

13     accessible room at the Hotel.

14  33. At the Hotel, Plaintiff personally encountered the following photographically

15     documented conditions at the Hotel. Below each photograph is a vernacular

16     description of the barrier and  how the barrier affected Plaintiff's impairments

17     described above so as to deny him the 'full and equal' access that would satisfy the

18     injury-in-fact requirement (i.e., that he personally suffered discrimination under the

19     ADA on account of his disability).

20  **PERSONAL ENCOUNTERS WITH BARRIERS**

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**No access from street.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**No handrails on left of ramp.**



**Improperly positioned handrails on right.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Closest parking to lobby not accessible.**





**Accesible parking slope too steep.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No marked passenger loading zone.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Out of reach snacks.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23



**Out of reach sundry items.**

24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



**Inaccessible check in counter.**

23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Inaccessible business desk.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Inaccessible card reader for pool access.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



**Pool gate harware requires twisting of wrist action.**

21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



**Inaccessible boarding pass counter.**

23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



**Improperly configured hardware to room requiring twisting of the weits action.**

21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**19 lbs to open door to room**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



**Deadbolt requires twisting of wrist.**

16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



**Shower water scalding 136.8°F (over 120°F not permitted)**

21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



**No shut off control on spray unit.**

23
24
25
26
27
28



| Toilet flush on wrong side. |
|---|
| **Identification of Specific Barrier in Plain Language:** As indicate below each photo. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about September 21, 2020. |
| Table 3. |

## COUNT ONE
Americans with Disabilities Act

34. Plaintiff realleges all allegations heretofore made.

35. Defendant violated the ADA as documented above.

31

36. Plaintiff is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)

37. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

38. The removal of barriers is readily achievable.

39. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE,** Plaintiff prays for all relief as follows:

A.  Relief described in 42 U.S.C. §2000a – 3; and

B.  Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

C.  Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

D.  Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E.  Equitable nominal damages; and

F.  For costs, expenses and attorney's fees; and

G.  All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

H.  That the Court retain jurisdiction over this matter until the Hotel has become fully and completely accessible to persons with disabilities; and

I.  All other relief susceptible of proof based on the allegations.

### COUNT TWO
Negligence and Negligence Per Se

40. Plaintiff realleges all allegations heretofore set forth.

41. Defendant has been subject to at least two previous ADA actions in the United States District Court for the District of Arizona and in the Maricopa County Superior Court, to wit, (1) Advocates for Individusla with Disabilities Foundation, Inc. v. Ashford

1    Scottsdale, Maricopa County Superior Court no CV2016-008886 and (2) *Gastelum v.*

2    *Ashford Scottsdale,* D.C. Ariz. 2:18-cv-01958-MHB.

3    42. Despite previous lawsuits, Defendant has not remediated readily achievable

4    architectural remediations to date.

5    43. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff

6    as a disabled individual would have full and equal access to the public

7    accommodation.

8    44. The ADA is a civil rights legislative pronouncements while the enforceable

9    implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010

    Standards for Accessibility Design.

10   45. Every time that Plaintiff is required to negotiate a non-compliant element in

11   Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation

12   is designed to prevent.

13   46. Plaintiff personally experienced the violations of enforceable implementing

14   regulations and personally experienced paid, discomfort and suffering as a result of

15   Defendant's violations of implementing regulations.

16   47. Plaintiff suffered physical and emotional damages in an amount to be proven at trial

17   but in no event less than $35,000.00.

18   48. The implementing regulations were designed for the specific purpose of preventing,

19   in part, the types of injuries suffered by Plaintiff.

20   49. Defendant breached this duty.

21   50. Defendant's knowing, and intentional discrimination has worked counter to our

22   Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

23   51. By engaging in negligent conduct described herein, Defendant engaged in intentional,

    aggravated and outrageous conduct.

24   52. Defendant either intended to cause injury to Plaintiff or defendant consciously

25   pursued a course of conduct knowing that it created a substantial risk of significant

26   harm to Plaintiff.

27

28

53. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $35,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of negligence; and

    B.  For damages in the amount of no less than $35,000.00; and

    C.  For punitive damages in the amount of no less than $35,000.00; and

    D.  For such other and further relief as the Court may deem just and proper.

**COUNT THREE**

Negligent Misrepresentation

54. Plaintiff realleges all allegations heretofore set forth.

55. Defendant failed to exercise reasonable care or competence in obtaining or communicating the information regarding ADA compliance to Plaintiff through its booking website as alleged above.

56. Defendant hotel supplied false information to Plaintiff for guidance in Plaintiff's business transaction, to wit: the renting of a hotel room.

57. Defendant's false statement was made in the course of Defendant's business in which Defendant has a pecuniary interest, to wit: renting of rooms.

58. Plaintiff justifiably relied on Defendant's false representation.

59. Plaintiff has suffered pecuniary losses as a result of his reliance on Defendant's false information regarding ADA compliance, to wit: he spent time, effort and resources in an amount to be proven at trial, but in no event less than $35,000.00.

60. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

61. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, but in no event less than $35,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of negligent misrepresentation; and

34

B. For damages in an amount requested; and

C. For punitive damages in the amount requested; and

D. For an order requiring that Defendants engage in a corrective informational campaign to all its former, current and potential guests advising them of Hotel's accessibility; and

E. For such other and further relief as the Court may deem just and proper.

## COUNT FOUR
Failure to Disclose

62. Plaintiff realleges all allegations heretofore set forth.

63. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

64. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

65. The compliance with the ADA is a fact basic to the transaction.

66. Defendant failed to make the necessary disclosures.

67. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

68. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $35,000.00.

69. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

70. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $35,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For finding of that Defendant failed to disclose information; and

B. For damages in the amount requested; and

35

C. For punitive damages in the amount requested; and

D. For an order requiring that Defendants engage in a corrective informational campaign to all its former, current and potential guests advising them of Hotel's accessibility; and

E. For such other and further relief as the Court may deem just and proper.

**COUNT FIVE**
Common Law and Statutory Fraud

71. Plaintiff realleges all allegations heretofore set forth.

72. Defendant made representation(s) as alleged in Table 2 above.

73. The representation(s) were material.

74. The representation(s) were false.

75. Defendant knew that the representation(s) were false or was ignorant to the truth or falsity thereof.

76. Defendant intended that Plaintiff rely on the false representation(s).

77. Plaintiff reasonably relied on the misrepresentation(s).

78. Plaintiff has a right to rely on the misrepresentation(s).

79. Plaintiff was consequently and proximately damaged by Defendant's misrepresentation(s).

80. Defendant's misrepresentation(s) were made in connection with the sale or advertisement of merchandise with the intent that Plaintiff rely on it.

81. Renting of hotel rooms is "merchandise" as this term is defined in A.R.S. §44-1521(5).

82. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

83. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

84. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $35,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For an order requiring that Defendants engage in a corrective informational campaign to all its former, current and potential guests advising of true facts relating to the Hotel; and

    E. For such other and further relief as the Court may deem just and proper.

**COUNT SIX**
Consumer Fraud – Brand Deceit

85. Plaintiff realleges all allegations made above.

86. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the purchase and use of nationally recognizable brand names such as "Holiday Inn", "Hilton", "Motel 6", "Marriott" in order to hide the true ownership and operational management of the hotel or motel.

87. One way this deceptive self-identification is communicated to the guests and potential guests is through actual identification on the property itself. For example, Defendant Ashford identifies itself as Courtyard, a Marriott brand, at the entrance to the Hotel:



37

1

2

3

4   88. Ashford is not Courtyard by Marriott. It is Ashcroft. The misidentification is

5       necessary because general public, including Plaintiff, identify Marriott properties

6       with a higher degree of lodging standard and general integrity than Ashford

7   89. Another way Defendant misidentifies itself is thorough its booking website:

8

9

10

11

12

13

14



15  90. Yet other ways the Hotel misidentifies itself as through business card of the Hotel

16      business card:

17

18

19

20

21

22

23

24

25

26

27  91. The intent and purpose of this deceptive self-identification is to mislead the lodging

28      public into believing that they are booking a hotel  room at a national brand name

property when they are in fact booking a room with an unknown owner and an unknown operator. Plaintiff justifiably relied on Ashford's false self-identification to his damage.

92. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

93. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

94. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $35,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For an order requiring that Defendants engage in a corrective informational campaign to all its former, current and potential guests advising of true facts relating to Hotel owners, operators and managers; and

    E. For such other and further relief as the Court may deem just and proper.

## REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 6th day of October, 2020.

**PETER STROJNIK**

Peter Strojnik
Plaintiff

# EXHIBIT "3"

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
10/6/2020 9:50:49 AM
Filing ID 12074902

1    Peter Strojnik,
2    7847 N. Central Avenue
     Phoenix, Arizona 85020
3    Telephone:  (602) 524-6602
     ps@strojnik.com
4

5    **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
     **IN AND FOR THE COUNTY OF MARICOPA**
6

7    | | Case No: CV2020-055337 |
     | **Peter Strojnik,** | **COMPLAINT** |

8    Peter Strojnik,

9                              Plaintiff,

10        vs.

11   Ashford Scottsdale LP dba Courtyard by
     Marriott Scottsdale Old Town;
12

13                              Defendants.

14

15

16

17

Case No: **CV2020-055337**
**COMPLAINT**

1.  **Americans with Disabilities Act**
2.  **Negligence**
3.  **Negligent Misrepresentation**
4.  **Failure to Disclose**
5.  **Common Law Fraud / Consumer Fraud**
6.  **Consumer Fraud – Brand Deceit**

**JURY TRIAL REQUESTED**

18                    **NATURE OF THE CASE**

19   1.  Segregation of the disabled is the last vestige of collectively acceptable discrimination.
20       Discrimination is highly prevalent in the lodging industry.

21   2.  Despite the collectively acceptable discrimination, however,  Plaintiff is entitled to full
22       and equal enjoyment of lodging services and facilities, 42 U.S.C. §12182(a). His right
23       to equal and full participation in the benefits and services in lodging facilities is
24       inviolate.

25   3.  The lodging industry is subject to specific accessibility disclosure requirements under
26       28 C.F.R. 36.302(e)(1)(ii), and specific architectural accessibility requirements
27       pursuant to the ADA Accessibility Guidelines ("ADAAG").

28   4.  Hotels, motels and other places of lodging have developed a system of deceptive self-
         identification through the use of purchased brand names such as "Holiday Inn" and

"DoubleTree by Hilton" while at the same time concealing the true identity of the hotel owners and operators. The intent and purpose of this deceptive identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator.

5. The misidentification of the brand name "operator" or "owner" instead of the actual operator or owner benefits the actual operator or owner in its marketing efforts, but does not fall within to the legal definition of the "operator" under the ADA.

6. Some hotels, motels and other places of lodging have developed a system of booking website accessibility disclosures that disclose certain accessible features but also describe other features that are not accessible. The effect of admissions of non-accessibility is to deter the disabled from lodging there.

7. Where a place of lodging limits a disabled person's access to particular features, such limitation represents a prohibited eligibility criteria pursuant to 28 C.F.R. 36.301 because, "while not creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate".

8. Therefore, Plaintiff brings this action against Defendant Ashford Scottsdale LP dba Courtyard by Marriott Scottsdale Old Town ("Ashford") alleging:

   a. Violations of 28 C.F.R. 36.302(e)(1)(ii) and the ADAAG and corresponding negligence; and

   b. Violations of common law and statutory consumer protection laws; and

   c. Brand deceit for deceptive self-identification; and

**PARTIES**

9. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

10. Defendant Ashford owns, operates leases or leases to a lodging business located at 3311 N. Scottsdale Rd., Scottsdale, AZ 85251 ("Hotel").

11. Marriott International, Inc. ("Marriott") not a party, is an international lodging and franchising chain and the direct or indirect owner of the brand "Courtyard by Marriott" ("Courtyard")

**JURISDICTION AND VENUE**

12. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

13. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

14. The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[1].

15. These barriers impair Plaintiff's full and equal access to the Hotel.

16. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

17. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant Hotel suffers an imminent injury from the Hotel's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105**

---

[1] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

3

18. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

19. Plaintiff's physical infirmities alleged above do both of the following:

   a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

   b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

20. Plaintiff has a history of impairments stated in the preceding paragraph.

21. Plaintiff is regarded as having a physical conditions that limit major life activities.

22. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working. 

23. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.

24. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

**RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DESCRIPTION | DISABILITY | | | RELATION TO MAJOR LIFE ACTIVITY |
|---|---|---|---|---|
| | DISABILITY PRONG | | | |
| | Impairment | History Of Impairment | Reg'ed As Impaired | |
| Prostate Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. |
| Renal Cancer | x | x | x | |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff, performing manual tasks, reaching, lifting, writing, twisting writs shoulder and elbows, pushing, opening doors, physical functioning on every level and other major life activities |
| Partially Missing Limb - Missing Right Knee | x | x | x | |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | |
| Pleurisy | x | x | x | |
| Hyper Blood Pressure | x | x | x | |

**Table 1**

25. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

26. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

27. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

**PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL**

28. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

    a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

    b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

    c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

    d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging where he desires to book a room to both:

        1. Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

        2. Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

    e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

    f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g. As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[2]:

(i) Operable parts [205[3], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii) Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv) Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(vi) Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities,

---

[2] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[3] Bracketed numbers refer to Standards for Accessibility Design.

7

stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)    Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)   Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)    Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

29. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies] and describe[s] accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet [Plaintiff's] accessibility needs".

30. The reproduction of relevant booking websites in Table 2 below demonstrates a failure to identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff to assess independently whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

| BOOKING WEBSITES –ACCESSIBILITY INFORMATION |
| --- |
| **https://www.marriott.com/hotels/fact-sheet/travel/phxsc-courtyard-scottsdale-old-town/#accessibility** |

**Accessibility**                                                              Close ∧

For more information about the physical features of our accessible rooms, common areas, or special services relating to a specific disability, please call +1 480-429-7785.

| Accessible Areas with Accessible Routes from Public Entrance | Accessible Hotel Features | Guest Room Accessibility |
| --- | --- | --- |
| Business Center | Accessible Self-parking | Accessible guest rooms with 32" wide doorways |
| Fitness Center | Service animals are welcome | Accessible route from public entrance to accessible guest rooms |
| Meeting spaces and ballrooms | Elevators | Bathroom grab bars |
| Pool accessible | | Bathtub grab bars |
| Pool pathway | | Bathtub seat |
| Public entrance alternative | | Deadbolt locks, lowered |
| Registration Desk Pathway | | Door night guards, lowered |
| Registration desk | | Doors with lever handles |
| Restaurant(s)/Lounge(s) | | Electrical outlets, lowered |
| | | Flashing door knockers |
| | | Hearing accessible rooms and/or kits |
| | | No transfer shower s available |
| | | Roll-in shower |
| | | Shower wand, adjustable |
| | | TTY/TTD available |
| | | TV with close-captioning |
| | | Toilet seat at wheelchair height |
| | | Vanities, accessible |
| | | Viewports, lowered |

**Table 2.**

9

31. The information disclosed on Hotel's Booking Website include the following misrepresentations of fact, inter alia:

    a. That the Hotel has accessible self-parking. This representation is false as evidenced in Table 3 below.

    b. That the pool at the Hotel is accessible. This representation is false as evidenced in Table 3 below.

    c. That the pool pathway is accessible. This representation is false as evidenced in Table 3 below.

    d. That the accessible room has accessible deadbolt. This representation is false as evidenced in Table 3 below.

32. In reliance on the truth of the representations and further in reliance on Ashford's self-identification as a "Courtyard", a Marriott brand, Plaintiff booked and paid for an accessible room at the Hotel.

33. At the Hotel, Plaintiff personally encountered the following photographically documented conditions at the Hotel. Below each photograph is a vernacular description of the barrier and how the barrier affected Plaintiff's impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).

**PERSONAL ENCOUNTERS WITH BARRIERS**

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**No access from street.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**No handrails on left of ramp.**




**Improperly positioned handrails on right.**

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Closest parking to lobby not accessible.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Accesible parking slope too steep.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No marked passenger loading zone.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Out of reach snacks.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Out of reach sundry items.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



**Inaccessible check in counter.**

23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21



**Inaccessible business desk.**

22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Inaccessible card reader for pool access.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



**Pool gate harware requires twisting of wrist action.**

21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



**Inaccessible boarding pass counter.**

23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



**Improperly configured hardware to room requiring twisting of the weits action.**

21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**19 lbs to open door to room**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14



**Deadbolt requires twisting of wrist.**

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Shower water scalding 136.8°F (over 120°F not permitted)**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**No shut off control on spray unit.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



**Toilet flush on wrong side.**

| |
|---|
| **Identification of Specific Barrier in Plain Language:** As indicate below each photo. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about September 21, 2020. |
| **Table 3.** |

21
22
23
24
25
26
27
28

## COUNT ONE
Americans with Disabilities Act

34. Plaintiff realleges all allegations heretofore made.

35. Defendant violated the ADA as documented above.

36. Plaintiff is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)

37. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

38. The removal of barriers is readily achievable.

39. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE,** Plaintiff prays for all relief as follows:

 A. Relief described in 42 U.S.C. §2000a – 3; and

 B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

 C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

 D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

 E. Equitable nominal damages; and

 F. For costs, expenses and attorney's fees; and

 G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

 H. That the Court retain jurisdiction over this matter until the Hotel has become fully and completely accessible to persons with disabilities; and

 I. All other relief susceptible of proof based on the allegations.

**COUNT TWO**
Negligence and Negligence Per Se

40. Plaintiff realleges all allegations heretofore set forth.

41. Defendant has been subject to at least two previous ADA actions in the United States District Court for the District of Arizona and in the Maricopa County Superior Court, to wit, (1) Advocates for Individusla with Disabilities Foundation, Inc. v. Ashford

32

Scottsdale, Maricopa County Superior Court no CV2016-008886 and (2) *Gastelum v. Ashford Scottsdale,* D.C. Ariz. 2:18-cv-01958-MHB.

42. Despite previous lawsuits, Defendant has not remediated readily achievable architectural remediations to date.

43. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

44. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

45. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

46. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

47. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

48. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

49. Defendant breached this duty.

50. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

51. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

52. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

53. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $35,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of negligence; and

    B.  For damages in the amount of no less than $35,000.00; and

    C.  For punitive damages in the amount of no less than $35,000.00; and

    D.  For such other and further relief as the Court may deem just and proper.

**COUNT THREE**
Negligent Misrepresentation

54. Plaintiff realleges all allegations heretofore set forth.

55. Defendant failed to exercise reasonable care or competence in obtaining or communicating the information regarding ADA compliance to Plaintiff through its booking website as alleged above.

56. Defendant hotel supplied false information to Plaintiff for guidance in Plaintiff's business transaction, to wit: the renting of a hotel room.

57. Defendant's false statement was made in the course of Defendant's business in which Defendant has a pecuniary interest, to wit: renting of rooms.

58. Plaintiff justifiably relied on Defendant's false representation.

59. Plaintiff has suffered pecuniary losses as a result of his reliance on Defendant's false information regarding ADA compliance, to wit: he spent time, effort and resources in an amount to be proven at trial, but in no event less than $35,000.00.

60. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

61. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, but in no event less than $35,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of negligent misrepresentation; and

34

B. For damages in an amount requested; and

C. For punitive damages in the amount requested; and

D. For an order requiring that Defendants engage in a corrective informational campaign to all its former, current and potential guests advising them of Hotel's accessibility; and

E. For such other and further relief as the Court may deem just and proper.

### COUNT FOUR
Failure to Disclose

62. Plaintiff realleges all allegations heretofore set forth.

63. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

64. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

65. The compliance with the ADA is a fact basic to the transaction.

66. Defendant failed to make the necessary disclosures.

67. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

68. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $35,000.00.

69. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

70. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $35,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For finding of that Defendant failed to disclose information; and

B. For damages in the amount requested; and

35

C. For punitive damages in the amount requested; and

D. For an order requiring that Defendants engage in a corrective informational campaign to all its former, current and potential guests advising them of Hotel's accessibility; and

E. For such other and further relief as the Court may deem just and proper.

**COUNT FIVE**
Common Law and Statutory Fraud

71. Plaintiff realleges all allegations heretofore set forth.

72. Defendant made representation(s) as alleged in Table 2 above.

73. The representation(s) were material.

74. The representation(s) were false.

75. Defendant knew that the representation(s) were false or was ignorant to the truth or falsity thereof.

76. Defendant intended that Plaintiff rely on the false representation(s).

77. Plaintiff reasonably relied on the misrepresentation(s).

78. Plaintiff has a right to rely on the misrepresentation(s).

79. Plaintiff was consequently and proximately damaged by Defendant's misrepresentation(s).

80. Defendant's misrepresentation(s) were made in connection with the sale or advertisement of merchandise with the intent that Plaintiff rely on it.

81. Renting of hotel rooms is "merchandise" as this term is defined in A.R.S. §44-1521(5).

82. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

83. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

84. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $35,000.00.

36

1   **WHEREFORE,** Plaintiff prays for relief as follows:

2    A.  For finding of that Defendant failed to disclose information; and

3    B.  For damages in the amount requested; and

4    C.  For punitive damages in the amount requested; and

5    D.  For an order requiring that Defendants engage in a corrective informational

6        campaign to all its former, current and potential guests advising of true facts

7        relating to the Hotel; and

8    E.  For such other and further relief as the Court may deem just and proper.

### COUNT SIX
Consumer Fraud – Brand Deceit

10  85. Plaintiff realleges all allegations made above.

11  86. Hotels, motels and other places of lodging have developed a system of deceptive self-

12      identification through the purchase and use of nationally recognizable brand names

13      such as "Holiday Inn", "Hilton", "Motel 6", "Marriott" in order to hide the true

14      ownership and operational management of the hotel or motel.

15  87. One way this deceptive self-identification is communicated to the guests and potential

16      guests is through actual identification on the property itself.  For example, Defendant

17      Ashford identifies itself as Courtyard, a Marriott brand,  at the entrance to the Hotel:



88. Ashford is not Courtyard by Marriott. It is Ashcroft. The misidentification is necessary because general public, including Plaintiff, identify Marriott properties with a higher degree of lodging standard and general integrity than Ashford

89. Another way Defendant misidentifies itself is thorough its booking website:



90. Yet other ways the Hotel misidentifies itself as through business card of the Hotel business card:



91. The intent and purpose of this deceptive self-identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name

38

property when they are in fact booking a room with an unknown owner and an unknown operator. Plaintiff justifiably relied on Ashford's false self-identification to his damage.

92. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

93. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

94. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $35,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For an order requiring that Defendants engage in a corrective informational campaign to all its former, current and potential guests advising of true facts relating to Hotel owners, operators and managers; and

    E. For such other and further relief as the Court may deem just and proper.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 6th day of October, 2020.

**PETER STROJNIK**

Peter Strojnik
Plaintiff

# EXHIBIT "4"



**null / ALL**
**Transmittal Number: 22269135**
**Date Processed: 11/06/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Jim Plohg<br>Ashford<br>14185 Dallas Pkwy<br>Ste 1100<br>Dallas, TX 75254-4308 |
| **Electronic copy provided to:** | Lisa Munsey<br>Lisa Salts<br>Jim Cowen<br>Stephen Cole<br>Sandra Dixon<br>Lugene Friedholm |

| | |
|---|---|
| **Entity:** | Ashford Scottsdale LP<br>Entity ID Number  2565955 |
| **Entity Served:** | Ashford Scottsdale LP dba Courtyard by Marriott Scottsdale Old Town |
| **Title of Action:** | Peter Strojnik vs. Ashford Scottsdale LP dba Courtyard by Marriott Scottsdale Old Town |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Maricopa County Superior Court, AZ |
| **Case/Reference No:** | CV2020-055337 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 11/05/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Peter Strojnik<br>602-524-6602 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT "D"

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Ashford Scottsdale LP d/b/a Courtyard<br>by Marriott Scottsdale Old Towne;<br><br>　　　　　Defendant. | No.<br><br>**VERIFICATION OF STATE<br>COURT RECORD** |

State of Arizona　　　　)
　　　　　　　　　　　　) ss
County of Maricopa　　　)

## VERIFICATION OF LINDSAY G. LEAVITT

1.　　Lindsay G. Leavitt, having been duly sworn upon my oath, declare and state, under penalty of perjury, as follows:

2.　　I am a Partner at the law firm of Jennings, Strouss & Salmon, PLC, and represent Defendant Courtyard by Marriott Scottsdale Old Towne.

3.　　On October 6, 2020, Plaintiff Peter Strojnik filed the above-captioned case in the Maricopa County Superior Court of the State of Arizona, Case No. CV2020-055337. ("State Court Action").

4.　　True and correct copies of all pleadings and other documents filed in the State Court Action are attached to the Notice of Removal as Exhibit C [1-4].

7410189v1(66097.2)

1    5.    A true and correct copy of the Notice of Removal has been sent to the

2    clerk of the court in the State Court Action, and written notice has been sent to the

3    Plaintiff, at the same time that the Notice of Removal is being filed in this Court.

4              I verify under penalty of perjury that the foregoing is true and correct.

5    DATED this 4th day of December, 2020.

6

7                                                    _____

                                                     Lindsay G. Leavitt

8

9    **SUBSCRIBED and SWORN to before me this 4th day of December, 2020.**

10

11   

                                                     _____

12                                                   Notary Public

13   My Commission Expires:

14

15   OFFICIAL SEAL
     ESTELA G. BLACKMOUNTAIN
16   Notary Public - State of Arizona
     MARICOPA COUNTY
17   My Comm. Expires Nov. 6, 2021

18

19

20

21

22

23

24

25

26

27

28
                                    2

7410189v1(66097.2)

# EXHIBIT "E"

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com

*Attorneys for Defendant*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Peter Strojnik,<br><br>                    Plaintiff,<br><br>vs.<br><br>Ashford Scottsdale LP d/b/a Courtyard by Marriott Scottsdale Old Towne;<br><br>                    Defendant. | No. CV2020-055337<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** |

**TO:  CLERK OF THE SUPERIOR COURT AND ALL PARTIES TO THIS ACTION**

Please take notice that on December 4, 2020, Defendant Ashford Scottsdale LP d/b/a Courtyard by Marriott Scottsdale Old Towne filed in the United States District Court for the District of Arizona a Notice of Removal to remove this action to that court.  A full and true copy of said Notice of Removal is herewith served on you for filing attached as **Exhibit "A"**.

RESPECTFULLY SUBMITTED this 4th day of December, 2020.

JENNINGS, STROUSS & SALMON, P.L.C.

By */s/  Lindsay G. Leavitt*
Lindsay G. Leavitt
Jordan T. Leavitt
One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
*Attorneys for Defendant*

7410196v1(66097.2)

Original of the foregoing E-Filed with the
Clerk of the Court and a Copy of the
foregoing sent via Electroni mail on this 4th
day of December, 2020, to:

Peter Strojnik
7847 N. Central Avenue
Phoenix, AZ 85020
ps@strojnik.com
*Pro Per*


*/s/  Tana Davis-Digeno*

2