Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>    Plaintiff,<br><br>vs.<br><br>Ashford Scottsdale LP d/b/a Courtyard by Marriott Scottsdale Old Towne;<br><br>    Defendants. | No. CV-20-2352-PHX-DWL<br><br>**DEFENDANT ASHFORD SCOTTSDALE LP'S RESPONSE TO [DOC. 9] MOTION TO REMAND ARIZONA CONSUMER FRAUD ACT - BRAND DECEIT CLAIM, COUNT 6, TO SUPERIOR COURT FOR LACK OF JURISDICTION PURSUANT TO 28 USC 1441(C)** |

Defendant responds in opposition to Mr. Strojnik's Motion to Remand Count 6.

## I.   INTRODUCTION

A former attorney who was disbarred for filing frivolous ADA lawsuits, Mr. Strojnik is now a serial *pro se* ADA litigant who primarily targets locally owned and operated hotel franchises. Since his disbarment in 2019 he has filed more than 200 ADA *pro se* lawsuits against hotels throughout the western United States. Mr. Strojnik's strategy is simple: he files a frivolous lawsuit alleging outrageous damages, threatens protracted and costly litigation, and then negotiates a quick settlement under a "cost of defense" or "nuisance value" analysis. He has been declared a vexatious litigant by two United States District Courts in California and has several vexatious litigant motions pending against him in the U.S. District Court of Arizona.

Recently, Mr. Strojnik has added a new "legal theory" to his complaints—he calls it "brand deceit." The claim, in essence, asserts that the franchisor/franchisee relationship in the hotel industry is inherently fraudulent and deceitful because Mr. Strojnik believed he was staying at a hotel owned and/or operated by the franchisor, when in fact it was a hotel owned and operated by a franchisee and/or management company. This claim has no basis in fact or law.

Mr. Strojnik is asking the Court to not exercise supplemental jurisdiction over his "brand deceit" claim and instead remand it back to the Maricopa County Superior Court because he alleges: (a) it does not arise out of the same case or controversy as his ADA claim or (b) it raises a novel issue of state law. The Court should deny Mr. Strojnik's Motion for the following three reasons: (1) all of his legal claims (including the "brand deceit" one) arise from a common nucleus of operative fact; (2) the brand deceit claim is not novel (it is just baseless) and; (3) the values of economy, convenience, fairness, and comity require it. <u>Acri v. Varian Associates, Inc.,</u> 114 F.3d 999, 1001 (9th Cir. 1997).

## II.     FACTUAL BACKGROUND

All of Mr. Strojnik's lawsuits are virtually identical—he alleges an ADA claim and then demands exorbitant damages arising from various tort theories. In this lawsuit, Mr. Strojnik has alleged that he visited Defendant's hotel on September 21, 2020 to test it for ADA compliance. As a result of his visit, he has alleged the following claims: (1) violations of the ADA; (2) Negligence; (3) Negligent Misrepresentation; (4) Failure to Disclose; (5) Common Law Fraud/Consumer Fraud; and (6) Consumer Fraud – Brand Deceit. Claims 2 through 5, identified above, all relate to and arise from the purported ADA violations. Mr. Strojnik seeks six-figure damages for these tort claims despite conceding under oath in his recent deposition that his damages are (at best) "nominal." In Count 6 (referred to herein as the "brand deceit" claim) Mr. Strojnik alleges that he was fraudulently induced into visiting Defendant's hotel

2

1 because he thought it was operated by Marriott International, Inc., not a local
2 franchisee. He claims he was damaged as a result, but does not allege how—there is
3 no evidence or allegations that he booked a room or incurred any out-of-pocket costs.

### III. LEGAL ARGUMENT

#### A. **Mr. Strojnik's "brand deceit" claim and ADA-related claims arise from a common nucleus of operative fact**s.

Section 1367(a) provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To determine whether claims form "part of the same case or controversy" the court must evaluate whether the federal claims and state-law claims "involve a common nucleus of operative facts." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005).

All of Mr. Strojnik's claims arise from a common nucleus of operative facts. Mr. Strojnik (a self-proclaimed "ADA tester") reviewed Defendant's website and, on August 26, 2020, drove from his home in Phoenix to Scottsdale, Arizona to inspect the Defendant's hotel for ADA compliance. While performing this inspection Mr. Strojnik claims to have encountered ADA violations which caused him a variety of damages based on different tort theories. During this same visit, Mr. Strojnik alleges that he discovered that Marriott International, Inc. engages in the practice of franchising, which, according to Mr. Strojnik, is an inherently fraudulent practice that entitles him to damages. In other words, the events that give rise to this lawsuit occurred on the same day, at the same location, and with the same parties. Thus, Mr. Strojnik's claims involve a common nucleus of operative facts.

His motive to sever his "brand deceit" claim is transparent. The ADA claims and "brand deceit" claim offer contradictory, self-defeating narratives. Mr. Strojnik cannot in good faith simultaneous argue that he went to Defendant's hotel to test

1 whether it was ADA compliant (and had no intent to actually stay there) <u>and</u> claim that
2 he was deceived into visiting the motel because he thought it was operated by Marriott,
3 not a franchisee and/or management company. Thus, Mr. Strojnik's goal is to bifurcate
4 his claim so that flaws in his arguments are not immediately obvious to the Court or
5 jury and to force Defendant to litigate two separate cases.

6       All of his claims arise from his visit to Defendant's hotel on September 21,
7 2020, and perhaps more importantly, his reason(s) for visiting Defendant's hotel in the
8 first place. Strojnik's argument has no basis in fact and is simply a transparent effort
9 to avoid the self-defeating contradictions among his own claims and increase
10 Defendant's fees and costs in an effort to extract a settlement.

11       **B.**    <u>**The "brand deceit" claim is not novel nor does it raise a complex issue of state law**</u>**.**
12

13       28 U.S.C. § 1367(c) permits a Court to exercise discretion to decline
14 supplemental jurisdiction if, *inter alia*, the claim raises a novel or complex issue of
15 Arizona law. Mr. Strojnik's assertion that his brand deceit claim raises a novel or
16 complex issue of Arizona law is false.

17       Mr. Strojnik's brand deceit claim is a baseless, garden-variety tort claim.
18 Generally, state tort claims are not considered to be novel or complex, for the purpose
19 of deciding whether district court has discretion not to exercise the supplemental
20 jurisdiction that it might have over such claims. <u>Parker v. Scrap Metal Processors,</u>
21 <u>Inc.,</u> 468 F.3d 733, 744 (11th Cir. 2006). There is nothing novel or complex about
22 whether a franchisee/franchisor relationship—which is heavily regulated and overseen
23 by the Federal Trade Commission—constitutes consumer fraud or a civil conspiracy.
24 The role of the FTC is to investigate and prevent unfair or deceptive acts or practices
25 affecting commerce with the Agency's two primary missions being protecting
26 competition and protecting consumers. In fact, because Mr. Strojnik's "brand deceit"
27 claim directly contradicts federal regulation implemented by the FTC to govern
28

4

franchises, this Court is well suited to resolve Mr. Strojnik's "brand deceit" claim. The "brand deceit" claim is not novel, it is just baseless and the Court should exercise supplemental jurisdiction over the claim.

### C. The values of economy, convenience, fairness and comity weigh in favor of the Court exercising supplemental jurisdiction over the "brand deceit" claim.

While discretion to decline to exercise supplemental jurisdiction over state-law claims is triggered by the presence of one of the conditions in § 1367(c), it is however, "informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.,* 114 F.3d 999, 1001 (9th Cir. 1997).

Here, the only reason Mr. Strojnik seeks to remand his "brand deceit" claim is to force Defendant to incur additional fees and expenses litigating a two-front battle. Judicial economy and fairness warrant keeping the "brand deceit" claim here in this Court.

## IV. CONCLUSION

For the reasons stated above, the Court should deny Mr. Strojnik's Motion to Remand.

RESPECTFULLY SUBMITTED this 4th day of January, 2021.

        JENNINGS, STROUSS & SALMON, P.L.C.

        By *s/ Lindsay G. Leavitt*
          Lindsay G. Leavitt
          Jordan T. Leavitt
          One East Washington Street, Suite 1900
          Phoenix, Arizona  85004-2554
          *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on January 4, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Srojnik
7847 N. Central Avenue
Phoenix, AZ 85020
ps@strojnik.com
*Plaintiff Pro Per*

☐ I hereby certify that on January 4, 2021, I served the attached document by Electronic mail on the following, who are not registered participants of the CM/ECF System:

                                                          s/ Tana Davis-Digeno

7448367v1(66097.2)