1  Lindsay G. Leavitt – 029110
   Lleavitt@jsslaw.com
2  Jordan T. Leavitt – 031930
   jleavitt@jsslaw.com
3  JENNINGS, STROUSS & SALMON, P.L.C.
   A Professional Limited Liability Company
4  One East Washington Street
   Suite 1900
5  Phoenix, Arizona 85004-2554
   Telephone: (602) 262-5911

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| Peter Strojnik, | No. CV-20-02352-PHX-DWL |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT'S MOTION FOR ATTORNEYS' FEES, NON-TAXABLE COSTS AND EXPENSES PURSUANT TO FED. R. CIV. P. 54(D) & RULE 68** |
| Ashford Scottsdale LP d/b/a Courtyard by Marriott Scottsdale Old Towne; | |
| Defendants. | |

Pursuant to Rule 54(d), Fed. R. Civ. P. and L. R. Civ. 54.2, Defendant Ashford Scottsdale LP d/b/a Courtyard by Marriott Scottsdale Old Towne ("Defendant") through counsel undersigned, hereby moves for an award of attorneys' fees, non-taxable costs and expenses incurred in its successful defense against Mr. Strojnik's claims. The Clerk's judgment in favor of Defendant was entered pursuant to Fed.R.Civ.P. 58(b)(1) on May 19, 2021.

For the reasons set forth herein, Defendant requests that the Court award Defendant its reasonable attorneys' fees in the amount of $5,752.50 and costs in the amount of $774.25.

This Application is supported by the below Memorandum of Points and Authorities, the attached Declaration of Counsel (**Exhibit A**), the Statement of Costs (filed herewith); and the Court's Order dismissing this case (**Exhibit B**).

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. FACTUAL BACKGROUND

On October 6, 2020, Mr. Strojnik filed his Complaint asserting claims against Defendant for violations of the Americans with Disabilities Act, as well as state law tort claims of Negligence, Negligent Misrepresentation, Failure to Disclose, Common Law Fraud, and Consumer Fraud. Defendant immediately removed the case to federal court because Mr. Strojnik's ADA claim arose under a federal law.

The motion practice in this case is relatively limited. Mr. Strojnik filed a Motion to Remand his "Brand Deceit" claim, which Defendant opposed. Defendant then filed a bizarre "Motion that Defendant Prove Removal Jurisdiction and All Writs Act Motion for Writ of Prohibition against Lindsay Leavitt and Jennings Strouss & Salmon, PLC" [Doc. 15]. The Court issued an Order rebuking Mr. Strojnik's "gamesmanship" and then sought briefings from the parties, on whether remanding Mr. Strojnik's lawsuit back to state court would be "futile" under <u>Bell v. City of Kellogg</u>, 922 F.2d 1418, 1425 (9th Cir. 1991). Defendant fully briefed a Motion to Dismiss [Doc. 19 & Doc. 21]. On May 19, 2021, the Court granted Defendant's Motion to Dismiss and found that remanding the case would be "futile." [Doc. 22].

## B. DEFENDANT IS ENTITLED TO ITS ATTORNEYS' FEES AND COSTS.

The Court has two statutory legal bases to award Defendant its attorneys' fees and costs.

### 1. 42 U.S.C. § 12205

Defendant requests its attorneys' fees under 42 U.S.C. § 12205. Under this statute the court may award a party who prevails in a lawsuit filed under the ADA "a reasonable attorney's fee, including litigation expenses and costs." The purpose of awarding fees to a prevailing defendant is "to deter the bringing of lawsuits without foundation." <u>CRST Van Expedited, Inc.v. E.E.O.C.,</u> 136 S. Ct. 1642, 1652 (2016)

7686341v1(66097.2)

1  (quoting *Christianburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 420 (1978)). The
2  court, therefore, has interpreted the statute "to allow prevailing defendants to recover
3  [only] when the Plaintiff's claim was frivolous, unreasonable or groundless." *Id.*
4  (quoting *Christiansburg*, 434 U.S. at 421).

5        The Ninth Circuit has held that dismissing a case for lack of subject matter
6  jurisdiction is "a significant victory and permanently changes the legal relationship of
7  the parties." *Amphastar Pharmaceuticals Inc. v. Aventis Pharma SA*, 856 F.3d 696,
8  709 (9th Cir. 2017).

9        2.    A.R.S. § 12-349.

10       Defendant is also entitled to attorneys' fees, costs, and other sanctions under
11 Arizona law. A.R.S. § 12-349(A)(1)-(3) provides as follows:

> A. In a civil action commenced or appealed in a court of record in this state, the court shall assess reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party, including this state and political subdivisions of this state, if the attorney or party does any of the following:
>
> 1. Brings or defends a claim without substantial justification.
> 2. Brings or defends a claim solely or primarily for delay or harassment.
> 3. unreasonably expands or delays the proceeding.

19 In *Park v. Wells Fargo, NA*, 2020 WL 7059560 (D. Ariz. December 2, 2020), this
20 Court awarded the defendant its attorneys' fees pursuant to § 12-349 because the
21 plaintiff was a frequent litigator who "continued to bring identical claims before the
22 Court" and "re-litigate settled issues without substantial justification." Accordingly,
23 because Mr. Strojnik *commenced* his lawsuit in Arizona state court and because his
24 claims had no basis and were filed primarily to coerce Defendant into paying a
25 settlement, the Court has ample justification to award fees and costs to Defendant
26 pursuant to A.R.S. § 12-349(A).

**C.    DEFENDANT'S REQUEST IS REASONABLE.**

Defendant requests that the Court find that its request for attorney's fees is reasonable. Local Rule LRCiv 54.2(c)(3) lists a number of facts the Court may consider when determining whether the requested attorney's fee is reasonable.

1.    <u>The time and labor required of counsel</u>.

Undersigned counsel's time and labor were reasonable in this action. Defendant initially removed the case to federal court and engaged in motion practice, ultimately prevailing on its dispositive motion.

2.    <u>The novelty and difficulty of the questions presented</u>.

Mr. Strojnik's ADA claim raised significant federal and state constitutional standing issues, including whether he had suffered an "injury-in-fact" or whether there was an "real and immediate threat of repeated harm in the future." He also asserted novel tort claims that have not been addressed squarely by Arizona courts, including whether the ADA could serve as the basis for a negligence *per se* claim or whether a plaintiff can sustain a fraud claim without suffering monetary harm.

3.    <u>The skill requisite to perform the legal service properly</u>.

Given that ADA accessibility litigation is (despite Mr. Strojnik's best efforts) is a relatively niche practice area, and given that the legal claims involved federal and state constitutional standing issues, as well as novel tort claims, the legal skill required to navigate these issues in a cost-efficient manner is relatively high.

4.    <u>The preclusion of other employment by counsel because of the acceptance of the action.</u>

Undersigned counsel was not precluded from accepting other matters due to his time spent litigating this case.

5.    <u>The customary fee charged in matters of the type involved.</u>

Undersigned counsel's normal billing rate is $325/hour but he reduced it to $295/hour in this matter due to a number of factors. This rate is below the customary

fee charged by partners at his firm, and certainly well below the customary fee charged by partners with comparable expertise at comparable firms in Phoenix.

6. <u>Whether the fee contracted between the attorney and the client is fixed or contingent</u>.

The fee contracted for between Defendant and undersigned counsel was based on a discounted hourly rate.

7. <u>Any time limitations imposed by the client or the circumstances</u>.

Not applicable.

8. <u>The amount of money, or the value of the rights, involved, and results obtained</u>.

Mr. Strojnik claimed damages in excess of $200,000. Defendant obtained a full dismissal.

9. <u>The experience, reputation and ability of counsel</u>.

Undersigned counsel is one of, if not the most, experienced and successful ADA accessibility litigators in the region. He has successfully defended more than 300 ADA accessibility lawsuits since 2015 and he is frequently retained by defendants across the U.S. to defend their ADA lawsuits.

10. <u>The "undesirability" of the case</u>.

This case was difficult given Defendant's desired outcome (i.e., a full dismissal) but its relatively modest litigation budget, especially during Covid-19. Knowing that Mr. Strojnik, a former attorney, was not hindered by similar constraints—and in fact, he achieves his settlements by forcing defendants to aggressively (and expensively) litigate. Also, given that Mr. Strojnik is willing to escalate disputes (i.e., he recently filed a lawsuit in Maricopa County Superior Court against Defendant and undersigned counsel personally for "abuse of process") litigating against Mr. Strojnik brings additional challenges that are not present in typical litigation matters.

11. <u>The nature and length of the professional relationship between the attorney and the client</u>.

5

Undersigned counsel has defended a handful of Ashford Inc's properties in ADA cases in Arizona and New Mexico.

12.     <u>Awards in similar actions</u>.

On January 12, 2021, a U.S. District Court for the Southern District of California awarded the defendant hotelier its attorney's fees of $21,995.00 for prevailing on its Rule 12(b)(1) Motion. The Court found that defendant's counsel's rate of $500/hour was reasonable under the circumstances. See *Strojnik v. 1017 Coronado, Inc.*, Case No. 19-cv-02210-BAS-MSB, Doc. 22.

13.     <u>Any other matters deemed appropriate under the circumstances</u>.

Given that Mr. Strojnik has been deemed a vexatious litigant who files baseless ADA lawsuits in an attempt to extort local, minority-owned hotel franchisees, Defendant requests the Court award its full attorneys' fees and any other sanctions the Court deems necessary to deter Mr. Strojnik from continuing to file baseless ADA lawsuits.

RESPECTFULLY SUBMITTED this 2nd day of June, 2020.

JENNINGS, STROUSS & SALMON, P.L.C.

By  *s/ Lindsay G. Leavitt*
    Lindsay G. Leavitt
    Jordan T. Leavitt
    One East Washington Street, Suite 1900
    Phoenix, Arizona  85004-2554
    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on June 2, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Srojnik
7847 N. Central Avenue
Phoenix, AZ 85020
ps@strojnik.com
*Plaintiff Pro Per*

☐ I hereby certify that on June 2, 2021, I served the attached document by Electronic mail on the following, who are not registered participants of the CM/ECF System:

                                            s/ Tana Davis-Digeno

7686341v1(66097.2)