**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>            Plaintiff,<br><br>v.<br><br>Ashford Scottsdale LP,<br><br>           Defendant. | No. CV-20-02352-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Defendant's motion for attorneys' fees. (Doc. 24.) For the following reasons, the motion is granted.

**BACKGROUND**

On May 19, 2021, the Court granted Defendant's motion to dismiss, denied Strojnik's motions to remand and for leave to amend, and ordered the Clerk of Court to enter judgment and terminate the action. (Doc. 22.) In the dismissal order, the Court recounted how Strojnik "has been personally responsible for the filing of hundreds, if not thousands, of meritless . . . 'cookie-cutter lawsuits' with inadequate allegations," how he was "disbarred by the Arizona State Bar in 2019" for doing so, how he began bringing similar lawsuits as a *pro se* plaintiff which were "routinely dismissed for lack of standing," and how he was declared a vexatious litigant by various courts, including the District of Arizona, for using "frivolous and harassing" litigation tactics to coerce defendants "into agreeing to extortive settlements." (*Id.* at 1-3.) The Court concluded that "[t]his action represents more of the same." (*Id.* at 3.) The Court further concluded that Strojnik lacked

standing to pursue any of his claims for the same reasons that his myriad previous claims lacked standing—failure to allege any injury in fact—and that remand would be futile because there was "no conceivable chance that Strojnik would succeed on remand." (*Id.* at 13-21.)

On June 6, 2021, Defendant filed a motion for attorneys' fees (Doc. 24) and statement of costs (Doc. 25). The motion is now fully briefed. (Docs. 26, 27.) Neither side requested oral argument.

**DISCUSSION**

I. <u>Legal Standard</u>

"In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 602 (2001). Thus, American courts follow "a general practice of not awarding fees to a prevailing party absent explicit statutory authority." *Id.* "Congress, however, has authorized the award of attorney's fees to the 'prevailing party' in numerous statutes." *Id.* One such statute is the Americans with Disabilities Act ("ADA"), which provides in relevant part that "the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205.

The legal standard for determining when a defendant is entitled to fees under a "prevailing party" statute, such as the ADA, is set forth in *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412 (1978). Under the *Christiansburg* test, "[a]ttorney's fees under § 12205 should be awarded to a prevailing defendant only if the plaintiff's action was frivolous, unreasonable, or without foundation." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (internal quotation marks omitted).[1]

"[W]hile Congress wanted to clear the way for suits to be brought . . . , it also wanted to protect defendants from burdensome litigation having no legal or factual basis."

---

[1] The Ninth Circuit has clarified that "[b]ecause § 12205 makes fees and costs parallel, . . . the *Christiansburg* test also applies to an award of costs to a prevailing defendant under the ADA." *Brown*, 246 F.3d at 1190.

*Christiansburg*, 434 U.S. at 420. To that end, "a district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421. The Court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421-22.[2] "Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422. And, although "in no way" should it be implied "that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him," "needless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." *Id.* at 421-22.

II. Analysis

The Court concludes that Defendant has established an entitlement to fees and costs under § 12205 of the ADA, that fees and costs should be awarded as a matter of the Court's discretion, and that the amount of fees and costs sought by Defendant is reasonable. Thus, Defendant's motion is granted in full.[3]

First, an award of fees and costs is permissible under § 12205 because this action was frivolous. In the dismissal order, the Court found that Strojnik did "not come close to

---

[2] An action is not frivolous where the claims had not already been "clearly resolved by [binding] prior caselaw interpreting the ADA," as "[t]he law grows with clarity for benefit of the public through such actions even if they are not successful." *Kohler v. Bed Bath & Beyond of California, LLC*, 780 F.3d 1260, 1267 (9th Cir. 2015).

[3] Because Defendant is being awarded fees and costs under the ADA, it is unnecessary to resolve Defendant's alternative request for fees and costs pursuant to A.R.S. § 12-349. With that said, the Court is skeptical that § 12-349 would apply here, even though this action originated in state court. *See, e.g., In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 838-39 (9th Cir. 2001) (reversing fee award imposed under § 12-349, "question[ing] . . . the propriety of using an Arizona sanction statute in federal court," and concluding that "when fees are based upon misconduct by an attorney or party in the litigation itself, rather than upon a matter of substantive law, the matter is procedural [under *Erie*]. . . . In other words, the federal courts must be in control of their own proceedings and of the parties before them, and it is almost apodictic that federal sanction law is the body of law to be considered in that regard.").

establishing that he suffered any injury," such that "the issue of ADA standing" was not "a close call." (Doc. 22 at 14.) The five state-law claims failed for the same reason—it was "obvious" that four of them "hinge[d] on the notion that the accessibility barriers at Ashford caused him to suffer injury," and although the remaining claim "at first blush" appeared different, a second glance revealed that it clearly failed for the same reason. (*Id.* at 16-17.) The Court concluded that this action was so utterly groundless that there was "no conceivable chance that Strojnik would succeed on remand." (*Id.* at 21.)

These findings of frivolousness are sufficient to meet the *Christiansburg* standard for granting attorneys' fees under § 12205. However, there is "an even stronger basis for charging him with the attorney's fees incurred by the defense" because the action was brought (and continued) in bad faith. *Christiansburg*, 434 U.S. at 421-22. The Court explicitly found, in the dismissal order, that Strojnik's request for leave to amend was made in bad faith. (Doc. 22 at 17.) The Court also implicitly found (and now explicitly finds) that the action itself was filed in bad faith. Strojnik was declared a vexatious litigant by various courts, including the District of Arizona, for using "frivolous and harassing" litigation tactics to coerce defendants "into agreeing to extortive settlements," and "[t]his action represents more of the same." (*Id.* at 2-3.) "It is hard to think of a clearer example of unreasonable and vexatious bad faith . . . proceedings than this." *Advocs. for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 WL 3545291, *6 (D. Ariz. 2018).

Strojnik's argument that Defendant is not a prevailing party because the dismissal was for lack of jurisdiction (Doc. 26 at 3-4) also unavailing. "[A] favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 421 (2016). "[T]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties," an alteration that is "marked by judicial *imprimatur*." *Id.* at 422 (citations omitted). Thus, a defendant who "wins because the action is dismissed for lack of subject matter jurisdiction" can be "a prevailing party." *Amphastar Pharms. Inc. v. Aventis Pharma SA*, 856 F.3d 696,

710 (9th Cir. 2017). Here, Defendant succeeded in securing a court order dismissing this action for lack of subject matter jurisdiction and declining to remand it due to futility. "Common sense" indicates that Defendant "has won a significant victory and permanently changed the legal relationship of the parties." *Id.* Other courts have reached the exact same conclusion in cases involving Strojnik—something Strojnik failed to disclose in his motion papers. *See, e.g., Strojnik v. 1017 Coronado, Inc.*, 2021 WL 120899, *3 (S.D. Cal. 2021) ("[Mr. Strojnik] argues first that Defendant was not the prevailing party in this case because the case was dismissed for lack of subject matter jurisdiction. However, as Mr. Strojnik well knows, the Ninth Circuit has rejected this argument."); *Advocates for Individuals with Disabilities*, 2018 WL 3545291 at *5 (rejecting the argument that the defendant "may not be awarded fees because it is not the prevailing party, the action having been dismissed for lack of standing and jurisdiction" and holding that "fees will be awarded under the ADA against Plaintiffs and Strojnik jointly and severally").

Finally, Strojnik has not challenged the reasonableness of the requested fees and costs, and the Court finds the request reasonable.

Accordingly,

**IT IS ORDERED** that Defendant's motion for fees and costs (Doc. 24) is **granted**. Defendant is awarded $5,752.20 in attorneys' fees and $774.25 in costs.

Dated this 31st day of January, 2022.

Dominic W. Lanza
United States District Judge